**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| SIB Development & Consulting, Inc., ) | | |
| ) | C.A. No.: 2:17-cv-425-PMD | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Save Mart Supermarkets, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This action is before the Court on Plaintiff SIB Development & Consulting, Inc.'s motion to dismiss Defendant Save Mart Supermarkets' counterclaim (ECF No. 16). For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND

This matter arises out of Plaintiff's contract with Defendant, under which Plaintiff agreed to provide consulting services to Defendant to reduce Defendant's operating costs. Defendant agreed to pay Plaintiff 50% of the savings produced by the consulting for the following thirty-six months. Plaintiff sued for breach of contract and Defendant filed a counterclaim under the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39–5–10, *et seq*. Plaintiff now seeks to dismiss Defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that SCUTPA does not provide relief when the only damages claimed are attorney's fees.

## PROCEDURAL HISTORY

Plaintiff filed this action in state court on January 5, 2017. Defendant removed the case to this Court on February 10. On May 9, Defendant filed an answer and a counterclaim. Plaintiff

moved to dismiss the counterclaim on May 30.  Defendant responded on June 13, and Plaintiff replied on June 20.  Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim "challenges the legal sufficiency" of a pleading.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted).  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Our courts use a "two-pronged approach" to assess a claim's legal sufficiency.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  First, the court identifies all of the pleading's factual allegations, assumes they are true, and construes all of their reasonable inferences in favor of the pleader.  *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations . . . is inapplicable to legal conclusions.").  Then, it determines whether those presumed-true allegations "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when" it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The pleading must demonstrate that the pleader's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success.  *Id.*  Accordingly, "[d]etermining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

**DISCUSSION**

Plaintiff argues that Defendant's counterclaim under SCUTPA fails as a matter of law because Defendant has not alleged damages resulting from a deceptive trade practice, other than attorney's fees. The recovery of attorney's fees is governed by the American Rule: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). SCUTPA is a statue that awards attorney's fees to a prevailing party. Specifically, section 39–5–140(a) provides "Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs." S.C. Code Ann. § 39–5–140(a).

To prevail in a SCUTPA claim, a plaintiff (or, as in this case, a defendant bringing a counterclaim) must show "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998) (citing S.C. Code Ann. § 39–5–140). Since Plaintiff asserts that Defendant's failure to plead actual damages, as required by SCUTPA's second element, is dispositive, the Court need not address the first and third elements of Defendant's claim.

Defendant argues that it has suffered actual damages sufficient to satisfy SCUTPA's damages element because Defendant spent, and continues to spend, time and money responding to Plaintiff's claims. However, SCUTPA does not allow for attorney's fees and costs to serve as the "actual damages" that form the basis of the SCUTPA claim. *Mull v. Ridgeland Realty, LLC*, 693 S.E.2d 27, 32 (S.C. Ct. App. 2010) ("actual damages are distinct from attorneys' fees"). SCUTPA "provides for the award of reasonable attorney's fees and costs only after all elements

3

have been proved and a violation of the SCUTPA has been found." *Scurmount LLC v. Firehouse Rest. Grp., Inc.*, No. 4:09-cv-618-RBH, 2011 WL 2670575, at *21 (D.S.C. July 8, 2011) (finding that defendants were entitled to summary judgment on plaintiffs' SCUTPA claim because interest on a loan obtained to pay attorney's fees could not constitute actual damages); *see also Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 531 (D.S.C. 2001) (calculating attorney's fees and costs only after a jury awarded damages to the plaintiff on a SCUTPA claim); *Monster Daddy, LLC v. Monster Cable Prods., Inc.*, No. 6:10-cv-1170-MGL, 2013 WL 3337828, at *14 (D.S.C. July 2, 2013) (granting summary judgment to defendant after finding that attorney's fees and "the harm caused by having to deal with . . . litigation" could not support plaintiff's SCUTPA claim).

In spite of these precedents, Defendant argues that attorney's fees can form the basis of a SCUTPA claim since actual damages under SCUTPA include "special or consequential damages that are a natural and proximate result of the deceptive conduct," *Taylor v. Medenica,* 479 S.E.2d 35, 45 (S.C. 1996), and since, in *Benedict College v. National Credit Systems, Inc.*, 735 S.E.2d 518, 546–47 (S.C. Ct. App. 2012), the South Carolina Court of Appeals found that attorney's fees could be special damages. Defendant's reliance on *Benedict College* is misplaced. In *Benedict College*, the defendant brought a counterclaim not for a SCUTPA violation, but for civil conspiracy. 735 S.E.2d at 542. To establish the special damages element of the civil conspiracy claim, the defendant asserted that it had to pay attorney's fees to defend itself from claims based on a contract addendum that was entered into in furtherance of a conspiracy and without the defendant's consent. *Id.* at 546–47. The court held that defendant had alleged special damages because the attorney's fees were "'the natural, but not the necessary or usual, consequence'" of the conspiracy to amend the contract without obtaining proper authorization. *Id.* (quoting *Hackworth*

*v. Greywood at Hammett, LLC*, 682 S.E.2d. 871, 875 (S.C. Ct. App. 2009)). Since the defendant had alleged special damages, the court reversed the dismissal of the civil conspiracy counterclaim. *Id.* at 550. Thus, *Benedict College* merely holds that attorney's fees in defense of a contract claim could be special damages when the contract addendum that formed the basis of that claim was the result of a conspiracy. It did not hold that attorney's fees are special damages in all circumstances, and this Court has declined to read it so broadly. *See Killian v. City of Abbeville*, No. 8:14-cv-1078-TMC, 2015 WL 1011339, at *5 (D.S.C. March 6, 2015) (distinguishing *Benedict College* and holding that attorney's fees were not special damages in a civil conspiracy claim when plaintiff had not shown how his fees were different from those any typical litigant incurs as a result of litigation).

Defendant also points to *Global Protection Corp. v. Halbersberg*, 503 S.E.2d 483 (S.C. Ct. App. 1998) in support of its argument that attorney's fees can form the basis of a SCUTPA claim. Specifically, Defendant cites *Global Protection Corp.*'s quote of a treatise for the assertion that "all injury to [a party's] property or business which is the natural and probable consequence of [a violator's] wrong" is a recoverable damage of an unfair trade practice or trademark infringement, "including the cost of defending a groundless and intentionally vexatious action." *Id.* at 488 (quoting 87 C.J.S. *Trade-Marks, Trade-Names, and Unfair Competition* § 216, at 617–18 (1954)). Contrary to Defendant's assertion, *Global Protection Corp.* does not specify that these damages are recoverable under SCUTPA. Rather, the South Carolina Court of Appeals cited *Corpus Juris Secundum* as "other authority," apart from SCUTPA, "that supports the trial court's decision to award" actual damages (in this case, the lost benefit of the plaintiff's research and development costs) to the plaintiff. 503 S.E.2d at 488. Moreover, the quoted portion of the treatise is not about a particular statute such as SCUTPA, but rather outlines, "generally speaking," what damages are

5

recoverable in a trademark "infringement or unfair competition" action. 87 C.J.S. *Trade-Marks, Trade-Names, and Unfair Competition* § 216, at 617–18 (1954). Though the cost of defending against a groundless and intentionally vexatious action may generally be recoverable in a trademark or unfair trade practice claim, it does not follow that attorney's fees can form the basis of a SCUTPA claim. Indeed, SCUTPA does allow a prevailing party to recover attorney's fees, but only after the party has established actual damages. *Scurmount LLC*, 2011 WL 2670575, at *21.

Consistent with the above precedents, once the *Global Protection Corp.* court determined that the trial court had not erred in awarding the plaintiff actual damages, the court then turned to the award of attorney's fees. 503 S.E.2d at 489. In upholding the attorney's fee award, the court emphasized that "the general rule is that attorney fees are not recoverable unless authorized by contract or statute." *Id.* The court concluded that the award of attorney's fees was appropriate since the plaintiff had established the three elements of a SCUTPA claim. *Id.* Thus, *Global Protection Corp.* demonstrates that attorney's fees are recoverable under SCUTPA when a plaintiff has shown actual damages, but it does not hold that attorney's fees satisfy the damages element of a SCUTPA claim. Accordingly, Defendant's allegation that its attorney's fees satisfy SCUTPA's actual damages element is incorrect as a matter of law. Therefore, Defendant has not sufficiently alleged that it has suffered actual damages under SCUTPA.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to dismiss Defendant's counterclaim is **GRANTED**.

       **AND IT IS SO ORDERED.**

                                              PATRICK MICHAEL DUFFY
                                              United States District Judge

**September 27, 2017**
**Charleston, South Carolina**